IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(MIDDLE DIVISION)

LISA COLLINS,

    PLAINTIFF,

v.                                                              CIVIL ACTION NO.:

TRANS UNION LLC;
EQUIFAX INFORMATION
SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC; AARON'S SALES & LEASE
OWNERSHIP, INC.; AND NORTH
AMERICAN
RECOVERY,

    DEFENDANTS.

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Lisa Collins ("Ms. Collins" or "Plaintiff"), and with knowledge as to her own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

1

PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, against Defendants: Experian Information Solutions, Inc.; TransUnion LLC, Equifax Information Services LLC; Aaron's Sales & Lease Ownership, Inc.; and North American Recovery Services.

2. Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

3. On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4. The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make

---

[1] http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html as of March 6, 2015.

improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5. Towards this end, Congress provided "powerful new tools" to consumers, including the right to dispute information due to fraud, obtain free credit reports due to identity theft and to the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as credit reports).

6. FACTA also imposed additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

7. Likewise, the FCRA imposes duties on persons who furnish information to CRAs ("furnishers"). *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5). Specifically, furnishers must satisfy five duties after receipt of notice of a consumer dispute from a CRA. 15 U.S.C. § 1681s-2(b)(1)(A-E).

## JURISDICTION & VENUE

8. This Court has jurisdiction of this action for violations of the Fair Credit Reporting Act pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Ms. Collins is a consumer as defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services LLC ("Equifax") is a

---

[2] Pub. L. No. 108-159 (2003) http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf  as of March 6, 2015.

consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

11. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

12. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

13. Equifax, Experian and Trans Union are referred to throughout as the "CRA Defendants."

14. Defendant Aaron's Sales & Lease Ownerships, Inc. ("Aaron's") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[3], and conducts substantial and regular business activities in this judicial district.

15. Defendant North American Recovery ("NAR") is a person who is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[4], and conducts substantial and regular business activities in this

---

[3] Plaintiff is making a claim against Aaron's under §1681s-2(b). Plaintiff is not making a claim against Aaron's under §1681s-2(a).

[4] Plaintiff is making a claim against NAR under §1681s-2(b). Plaintiff is not making a claim against NAR under §1681s-2(a).

judicial district.

## FACTUAL ALLEGATIONS

16. Plaintiff is a victim of identity theft.

17. An impostor used Plaintiff's personal identifying information to apply for and open accounts without Plaintiff's consent.

18. The imposter opened fraudulent accounts with several creditors, including Aaron's and Mountain Loan Center, and possibly others, and at least one checking account.

19. Plaintiff reported the fraud to the Boaz Police Department.

20. The Boaz Police Department categorized the type of incident or offense as "Identity Theft."

21. Plaintiff reported the fraud to the Orem Police Department.

22. The Orem Police Department categorized the case type as Felony Fraud or Forgery.

23. Defendants have been reporting the false derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "false information").

24. The false information includes addresses that do not belong to Plaintiff.

25. The false addresses includes, but is not limited to addresses in Utah and employment with HH Express.

26. The false information includes at least one public record that does not belong to Plaintiff.

27. The false public record information includes a judgment in favor of Mountain Loan Center.

28. The false information also includes accounts that do not belong to Plaintiff.

29. The false information includes accounts with Aaron's and NARs. The information is false because Plaintiff did not open these accounts.

30. The balances, account ownership and payment history for the accounts described in the preceding paragraph are false because Plaintiff did not owe the aforementioned creditors for these balances because an impostor opened the accounts.

31. The false information includes inquiries that were not authorized by Plaintiff.

32. The false inquiries include, but are not limited to, Convenient, Sunbelt and WF Auto Finance.

33. The false information was provided to Plaintiff's creditors and potential creditors.

34. The false information negatively reflects on Plaintiff, her repayment history, financial responsibility as a debtor and his credit worthiness.

35. Equifax prepared and issued credit reports concerning Plaintiff that include the false information. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting. Equifax continued to report inaccurate information. Plaintiff requested her consumer disclosure ("credit report") from Equifax. On at least one occasion, Equifax failed to send Plaintiff her credit report. Plaintiff asked Equifax to provide her with the steps it undertook while reinvestigating the disputed information. On at least one occasion, Equifax failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.

36. Experian prepared and issued credit reports concerning Plaintiff that include the false information. Plaintiff notified Experian that she disputed the accuracy of the information Experian was reporting. Experian continued to report false information. Experian refused to reinvestigate all of the disputed information. Plaintiff asked Equifax to provide her with the steps it undertook while reinvestigating the disputed information. On at least one occasion, Equifax failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.

37. Trans Union prepared and issued credit reports concerning Plaintiff

that include the false information. Plaintiff notified Trans Union that she disputed the accuracy of the information Trans Union was reporting. Trans Union continued to report false information. Plaintiff requested Trans Union to provide her with her free credit report due to fraud. On at least one occasion, Trans Union failed to provide Plaintiff with her free credit report due to fraud. Plaintiff asked Trans Union to provide her with the steps it undertook while reinvestigating the disputed information. On at least one occasion, Trans Union failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.

38. Plaintiff notified the CRA Defendants that their reporting of the Aaron's accounts were inaccurate.

39. Plaintiff notified the CRA Defendants that the Aaron's accounts were not hers.

40. Equifax, Experian and Trans Union notified Aaron's of Plaintiff's dispute.

41. Aaron's notified Equifax, Experian and Trans Union that it verified the accounts.

42. Aaron's did not conduct an investigation with respect to the disputed information.

43. Aaron's did not contact Plaintiff concerning the accuracy of the

accounts.

44. Aaron's did not contact third parties concerning the accuracy of the Asset accounts.

45. Aaron's did not review underlying account documents, such as the application(s) for credit.

46. Aaron's did not conduct any handwriting analysis on Plaintiff's signature or signature on the account application(s).

47. Aaron's did not make a reasonable inquiry into the disputed information.

48. Aaron's did not review all relevant information provided by the CRA Defendants pertaining to the Aaron's accounts.

49. At best, Aaron's verified the false information by confirming Ms. Collins' personal identifying information with the personal identifying information reported by the CRA Defendants.

50. Aaron's failed to modify or delete the false account information.

51. Plaintiff notified the CRA Defendants that their reporting of the NAR accounts was inaccurate.

52. Plaintiff notified the CRA Defendants that the NAR accounts were not hers.

53. Equifax, Experian and Trans Union notified NAR of Plaintiff's

dispute.

54. NAR notified Equifax, Experian and Trans Union that it verified the accounts.

55. NAR did not conduct an investigation with respect to the disputed information.

56. NAR did not contact Plaintiff concerning the accuracy of the accounts.

57. NAR did not contact third parties concerning the accuracy of the NAR accounts.

58. NAR did not review underlying account documents, such as the applications for credit or cancelled checks.

59. NAR did not conduct any handwriting analysis on Plaintiff's signature or signature on the account application(s) or checks.

60. NAR did not make a reasonable inquiry into the disputed information.

61. NAR did not review all relevant information provided by the CRA Defendants pertaining to the NAR accounts.

62. At best, NAR verified the false information by confirming Ms. Collins' personal identifying information with the personal identifying information provided by the CRA Defendants.

63. NAR failed to modify or delete the false account information.

64. As a result of defendants' failure to comply with the requirements of the FCRA, Ms. Collins suffers and continues to suffer actual damages, including economic loss, denial of credit, denial of employment, lost opportunity to receive credit, damage to reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

FIRST CLAIM FOR RELIEF
(against Experian)
(Negligent Noncompliance with FCRA)

65. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

66. Experian negligently failed to comply with the requirements of the FCRA.

67. As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

68. Plaintiff requests her attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF
(against Experian)
(Willful Noncompliance with FCRA)

69. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

70. Experian willfully failed to comply with the requirements of the FCRA.

71. As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

72. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF
(against Trans Union)
(Negligent Noncompliance with FCRA)

73. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

74. Trans Union negligently failed to comply with the requirements of the FCRA.

75. As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

76. Plaintiff requests her attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

77. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

78. Trans Union willfully failed to comply with the requirements of the FCRA including, but not limited to, 15 U.S.C. §§ 1681i and e(b).

79. As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

80. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTH CLAIM FOR RELIEF
(against Equifax)
(Negligent Noncompliance with FCRA)

81. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

82. Equifax negligently failed to comply with the requirements of the FCRA.

83. As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to Plaintiff's reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

84. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## SIXTH CLAIM FOR RELIEF
(against Equifax)
(Willful Noncompliance with FCRA)

85. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

86. Equifax willfully failed to comply with the requirements of the FCRA.

87. As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to Plaintiff's reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

88. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

SEVENTH CLAIM FOR RELIEF
(against AARON'S)
(Negligent Noncompliance with FCRA)

89. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

90. Aaron's negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

91. As a result of Aaron's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

92. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

### EIGHTH CLAIM FOR RELIEF
(against AARON'S)
(Willful Noncompliance with FCRA)

93. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

94. Aaron's wilfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

95. As a result of Aaron's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

96. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

### NINTH CLAIM FOR RELIEF
(against NAR)
(Negligent Noncompliance with FCRA)

97. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

98. NAR negligently failed to comply with the requirements of the

FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

99. As a result of NAR's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

100. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

TENTH CLAIM FOR RELIEF
(against NAR)
(Willful Noncompliance with FCRA)

101. Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

102. NAR willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

103. As a result of NAR's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an

amount to be determined by the jury.

104. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

105. Plaintiff requests a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury;

2. Attorneys' fees;

3. Costs and expenses incurred in the action;

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Statutory and punitive damages to be determined by the jury;

3. Attorneys' fees; and

4. Costs and expenses incurred in the action.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury;

2. Attorneys' fees;

3. Costs and expenses incurred in the action;

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Statutory and punitive damages to be determined by the jury;

3. Attorneys' fees; and

4. Costs and expenses incurred in the action.

On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Attorneys' fees;

3. Costs and expenses incurred in the action;

On the Sixth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Statutory and punitive damages to be determined by the jury;

3. Attorneys' fees; and

4. Costs and expenses incurred in the action.

On the Seventh Claim for Relief:

1. Actual damages to be determined by the jury;

2. Attorneys' fees;

3. Costs and expenses incurred in the action;

On the Eighth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Statutory and punitive damages to be determined by the jury;

3. Attorneys' fees; and

4.    Costs and expenses incurred in the action.

On the Ninth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Attorneys' fees;

3.    Costs and expenses incurred in the action;

On the Tenth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory and punitive damages to be determined by the jury;

3.    Attorneys' fees; and

4.    Costs and expenses incurred in the action.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Dated: March 6, 2015

Respectfully submitted,

*/s/* Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
301 19th Street North, Suite 581
The Kress Building
Birmingham, AL  35203
Telephone: (205) 458-1204
Facsimile: (205) 208-9632
Email: MicahAdkins@ItsYourCreditReport.com
*Attorney for Plaintiff*